UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00659-RJC
(3:14-cr-00082-RJC-DSC-1)

| | |
|---|---|
| ANDREW SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [CV Doc. 1].[1]

**I.   BACKGROUND**

On October 22, 2014, Pro Se Petitioner Andrew Smith ("Petitioner") was charged in a Superseding Bill of Indictment with one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349; ten counts of wire fraud, 18 U.S.C. § 1343; conspiracy to commit international money laundering, 18 U.S.C. § 1956(h); and nine counts of international money laundering, 18 U.S.C. § 1956(a)(2)(A); for his participation in an illegal telemarketing scheme that originated in Costa Rica. [CR Doc. 17: Superseding Indictment]. As part of the scheme, Petitioner and other coconspirators located at a call center in Costa Rica contacted United States residents to falsely inform them about an alleged sweepstakes prize. The callers would then tell the victims to pay certain fees through Western Union or MoneyGram wire transfer to claim the prize. United States

---

[1]Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00659-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:14-cr-00082-RJC-DSC-1.

v. Griffin, 815 Fed. App'x 745, 746 (4th Cir. 2020) (unpublished decision). "Many victims paid those fees and, of course, received nothing in return." Id.

Petitioner proceeded to trial. Before trial, the Court granted the Government's motion to dismiss four counts of the Superseding Indictment -- two of the wire fraud counts and two of the international money laundering counts. [CR Docs. 165, 166]. The jury found Petitioner guilty on all 17 remaining counts. [CR Doc. 171: Jury Verdict]. The Court sentenced Petitioner to concurrent sentences of 240 months' imprisonment on each count and an additional term of 60 months on the wire fraud conspiracy count pursuant to 18 U.S.C. § 2326, for a total term of imprisonment of 300 months. [CR Doc. 215 at 2: Judgment]. Judgment on Petitioner's convictions was entered on June 25, 2019. [Id.]. Petitioner appealed. [CR Doc. 223: Notice of Appeal]. On appeal, Petitioner argued that the Court violated his Sixth Amendment right to a jury trial by determining the loss amount attributable to him during the sentencing proceedings instead of submitting the question to the jury. Griffin, 815 Fed. App'x at 746. The Fourth Circuit found this argument meritless because the loss amount calculations by the Court did not alter the statutory minimum or maximum sentences that Petitioner faced. Id. Petitioner did not petition the Supreme Court for writ of certiorari.

On November 16, 2021, Petitioner timely filed a Section 2255 motion to vacate asking the Court to vacate his sentence and grant an evidentiary hearing. [Civil Case No. 3:21-cv-00623-RJC, Docs. 1, 2]. The Court denied and dismissed the motion on November 23, 2021 for Petitioner's failure to allege or show that he was prejudiced by his counsel's alleged ineffectiveness. [Id., Doc. 2]. Petitioner has now filed a second pro se Section 2255 motion to vacate in which appears to restate verbatim the claims stated in his first motion to vacate.[2] [CV

---

[2] Although the pending motion to vacate is dated November 4, 2021, the envelope transmitting it is postmarked December 2, 2021. [See CV Doc. 1 at 12, CV Doc. 1-1].

Doc. 1]. Plaintiff again fails to allege or show any prejudice. [See id.]. Petitioner again asks for an evidentiary hearing and for the Court to vacate his sentence. [CV Doc. 1 at 12].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Petitioner provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant motion to vacate, and it must be dismissed. See Winestock, 340 F.3d at 205.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not

first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 30, 2021

Robert J. Conrad, Jr.
United States District Judge

4

Case 3:14-cr-00082-RJC-DSC   Document 265   Filed 01/03/22   Page 4 of 4